[Circuit Court of Crawford County.]

A. STRAUCK V. MASSILLON STONEWARE CO.

Decided, January Term, 1904.

*Bills of Exceptions—Errors Must Appear Upon the Record—Order Making Bill Part of the Record Necessary—Signature of Trial Judge and Proper Filing of, not Sufficient—Office of Motion to Strike Bill from the Files—Original Papers Which are a Part of the Record—Jurisdiction.*

1. The circuit court has jurisdiction under Section 6709 to review, vacate or modify a judgment of the common pleas court only for errors appearing upon the record.

2. The warrant for filing original papers in the circuit court extends only to such papers as are a part of the record in the court below. Original papers which were not properly a part of the files in the court below, are not properly made part of the record there, and are not necessarily nor properly a part of the files of the circuit court; and a motion to strike a bill of exceptions from the files of the circuit court does not involve the question whether the bill was a proper *file* in the common pleas, but whether the bill was and is a proper part of the *record* in that court.

3. The mere filing of a bill of exceptions in the circuit court does not make it a part of the record nor can an order of court making it a part of the record be presumed from the fact that it was allowed, settled and signed by the trial judge.

4. Section 5302, Revised Statutes, as amended October 22, 1902, does not dispense with the necessity of an entry by the trial court making the bill a part of the record.

MOONEY, J.; DAY, J., concurs; and NORRIS, J., dissents.

Error to Crawford Common Pleas Court.

In the original action the parties were reversed. The action was commenced in the justice of the peace court; was appealed to the court of common pleas; issues were made by the pleadings; the action was tried to a jury; a verdict returned for plaintiff; defendant's motion for a new trial was overruled, one ground of the motion being that the verdict is not sustained by sufficient evidence. Defendant duly excepted; judgment for plaintiff was entered on the verdict; defendant duly prepared his bill of exceptions and filed the same; a proper entry of the date was made on the appearance docket; the bill was afterwards settled, allowed and signed by the trial judge.

The defendant afterwards, as plaintiff in error, commenced this proceeding in error to reverse the judgment of the common pleas. All the errors assigned are predicated upon the bill of exceptions. The record shows no order of the trial court making the bill of exceptions a part of the record and for want of such order, defendant in error here moves that the bill of exceptions be stricken from the files of this court.

It is doing no violence to the facts in this case to say that this motion and its proper determination have occasioned the court a very great amount of trouble. This has been increased by reason of the fact that upon critical examination we have arrived at a conclusion at variance with our preconceived notions of the law upon the subject under consideration. However, the only province of this court is to declare the law as it finds it, leaving the work of legislation to the General Assembly and all other changes of the law to the Supreme Court. By Section 6709, Revised Statutes, this court has jurisdiction to review, vacate or modify a judgment of the court of common pleas *only*

for errors appearing upon the record.  By Section 5334, Revised Statutes, the record is required to be made up from the petition, the process, the return, pleadings subsequent thereto, reports, verdicts, orders, judgments and all material acts and proceedings of the court, and "the bill of exceptions shall be filed with the pleadings and papers, but not recorded, unless the court for good reasons shall so order."

By Section 6716, Revised Statutes, the plaintiff in error "shall file with his petition either a transcript of the final record, or a transcript of the docket or journal entries, with such original papers or transcripts thereof as are necessary to exhibit the error complained of; and, if original papers and pleadings are filed, and the final record has not been made, the reviewing court may permit the temporary withdrawal of the originals for a reasonable time, to allow the recording thereof."  From this provision it is held that the only necessity, as indeed the only warrant to file original papers in this court, extends to such original papers as are part of the record in the court below, and that such original papers as are properly a part of the files in that court, but are not properly a part of the record there, are not necessarily nor properly a part of the files in this court.  A motion to strike the bill of exceptions from the files therefore does not involve the question whether the bill was a proper *file* in the court of common pleas, but does involve the question whether the bill was and is a proper part of the *record* in that court.

No one will doubt that prior to the act of October 22, 1902 (96 O. L., 17), a bill of exceptions, though duly settled, allowed and signed by the trial judge or judges and filed in the cause, did not become a part of the record proper to be considered by a reviewing court in proceedings in error, without an order of the court making the bill a part of the record.  Prior to that act it was required that the journal, by proper entry, should show (1) either by direct affirmative statement or by presumption arising from the journal entry, that the bill was duly settled, allowed and signed by the trial judge or judges; and (2) that the court order the bill to be made a part of the record (*Felch* v. *Hodgman*, 62 Ohio St., 312, and *Riverside Rubber Co.*

v. *Manufacturing Co.,* 63 Ohio St., 66).  In this latter case the
first paragraph of the syllabus is:

"In order to entitle a bill of exceptions to be considered by a
reviewing court, it must be shown by a proper journal entry
that the bill was ordered made a part of the record."

The case was one arising in 1897 when Section 5334, Revised
Statutes, defining what the record shall contain, was in its
present form, and when Section 5302, Revised Statutes, pro-
vided that:

"The bill of exceptions shall be filed with the pleadings, and,
if the party filing the same request it, made a part of the records,
but not spread upon the journal; and an entry of the allow-
ance and signing of the same must be entered upon the journal
of the court within the time fixed for such allowance and sign-
ing."   (89 O. L., 125.)

It will be noted that the sections contain no express require-
ment that the entry making the bill a part of the record shall be
made upon the journal.  The provision that the bill shall be-
come a part of the record *if the party requests it* does not, of
itself, require an entry to show such request (*Smith* v. *Board
of Education,* 27 Ohio St., 44).  If the mere filing, after allow-
ance and signing, made the bill in fact part of the record, the
request would be presumed.  It follows, therefore, that the
Supreme Court has determined, in view of the provisions of
Section 5334, Revised Statutes, as it now exists, and of Section
5302, Revised Statutes, as it existed prior to October 22, 1902,
and when the latter section expressly required an order of the
allowance and signing of the bill and was silent as to the neces-
sity of an entry ordering the bill to be made a part of the
record, that, nevertheless, the bill did not become a part of the
record, for purposes of review without an express order of the
trial court making it so.  In this state of the law the amended
Section 5302, Revised Statutes, was passed on October 22, 1902,
and is as follows:

"It shall not be necessary to cause an entry to be made upon
the journal of the court of the settling, allowance and signing
of any bill of exceptions; but the signature of the trial judge,

or other judge mentioned in Section 5301a allowing, settling and signing such bill, shall be sufficient evidence of *such fact.*"

Neither this nor any other amended section expressly dispenses with any other entry relating to bills of exceptions, nor is there now any express requirement of an entry showing an order by the trial court to make the bill a part of the record.

It seems to follow necessarily that if the filing of the bill, after its due signing and allowance and with the necessary entry to show such signing, allowance and filing, did not make the bill a part of the record before the amendment, the filing of the bill with the signature of the judge, instead of the entry, as sufficient evidence of the fact of allowance, settling and signing, since the amendment will not have that effect. A bill of exceptions since, as well as before the amendment, does not, upon filing by mere force of either Sections 5334 or 5302, Revised Statutes, become a part of the record, and so, under the former section, it requires something more than filing, after settling, allowance and signing, to-wit, an order, which, for the purpose, would become and be "a material act and proceeding of the court to make it so," and of course, all orders and material acts and proceedings of the trial court must be evidenced here by a proper transcript of the journal, unless the statute expressly makes some other showing of such fact sufficient evidence of it. While in *Felch* v. *Hodgman*, 62 Ohio St., 312, a presumption of due allowance and signing by the trial judge was indulged from the subsequent action of the court in ordering the bill to be made a part of the record, in this case it can not be presumed, from the fact of the prior allowance and signing of the bill, that the trial court subsequently ordered the bill to be made a part of the record.

We feel that, on the authorities, we are compelled to sustain the motion and strike the bill from the files here, and we declare that this action is taken only with extreme reluctance.

The pleading sustain the judgment, and the bill of exceptions being disregarded, we find no error in the record and the judgment is therefore affirmed.

..*Harris & Sears*, for plaintiff in error.

*Finley & Gallinger*, for defendant in error.